ACCEPTED
03-15-00316-CR
7889321
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 3:00:15 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00316-CR

| | | |
|---|---|---|
| HEATHER LAUREN RICHARDS | § | IN THE THIRD |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| THE STATE OF TEXAS | § | APPEALS OF TEXAS |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/18/2015 3:00:15 PM
JEFFREY D. KYLE
Clerk

## STATE'S OBJECTION AND RESPONSE TO APPELLANT'S MOTION TO SUPPLEMENT APPELLATE RECORD

**TO THE HONORABLE JUSTICES OF SAID COURT**:

COMES NOW THE STATE OF TEXAS, by and through its Assistant District Attorney, and files this its Objection and Response to Appellant's Motion to Supplement Appellate Record in the above-captioned cause. The State objects to and asks that this Honorable Court deny Appellant's Motion, and would show the following:

### I. Appellant Cannot "Supplement" Her Own Record With Testimony From Another Case Outside the Record.

Appellant seeks to "supplement" her own appellate record with part of the reporter's record from another case. Appellant's Motion at 3. However, under the applicable Rule, "the reporter's record consists of the court reporter's transcription of so much of **the proceedings** … that the parties to the appeal designate." Tex. R. App. P. 34.6(a)(1) (emphasis added). The testimony Appellant now seeks to "supplement" the record with does not come from "the proceedings" in Appellant's

1

case as contemplated by Rule 34.6. *See id.* Appellant's attempt to supplement the record with new evidence from another case is improper.

> While the record may be supplemented under the appellate rules if something has been omitted, the supplementation rules cannot be used to create new evidence. Moreover, an appellate court's review of the record itself is generally limited to the evidence before the trial court at the time of the trial court's ruling.

*Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004) (internal citations omitted); *see also Amador v. State*, 221 S.W.3d 666, 676 (Tex. Crim. App. 2007) ("It would be improper to ignore evidence that the trial judge did consider, but it would be equally improper to consider evidence that the trial judge did not consider"); *Martinez v. State*, 03-10-00138-CR, 2012 WL 512659, at *5 (Tex. App.—Austin Feb. 16, 2012, no pet.) (not designated for publication) ("With limited exception, this Court cannot consider matters outside the appellate record …. [s]uch materials cannot be made part of the record by supplementation") (noting among other things that the appellate record consists of the "reporter's record in **the** case" (emphasis added), and denying motion to supplement record with trial testimony from another case to support appellant's earlier-denied request for expert assistance); *cf. Warren v. State*, 05-04-00472-CR, 2005 WL 1426174, at *2 (Tex. App.—Dallas June 20, 2005, no pet.) (not designated for publication) (appellant filed a "notarized statement from the victim asserting appellant is innocent. The victim's statement does not appear in the appellate record. We may

2

not consider evidence from outside the record, and appellant may not supplement the appellate record with affidavits submitted for the first time on appeal.").

## II. The Appropriate Avenue for Appellant's Ineffective Assistance Claim Based on Evidence Outside the Record Is a Post-Conviction Writ of Habeas Corpus.

Furthermore, Appellant has failed to assert how Ms. Chavira's testimony "directly impeaches" the testimony of codefendants in Appellant's trial.[1] Notably, neither the State – which called Ms. Chavira – nor the Defense in cause number 03-15-00247-CR had motivation to develop Ms. Chavira's testimony as it related to Appellant. Even if the record was supplemented with said testimony, it would still lack evidence of trial counsel's potential motivations for deciding not to call Ms. Chavira. For example, Appellant was charged as a party, and Ms. Chavira's testimony – which mentioned Appellant herself – might have harmed her client at trial.[2] Ms. Chavira might also have testified to additional matters in Appellant's

---

[1] Appellant's only specific assertion is the tenuous claim that Barkley's statements that the victim was tased "several" times and that she was tased "at least 12, [and] as many as 20 times" demonstrate "contradictory testimony." Appellant's Motion at 4.

[2] To prevail on a claim of ineffective assistance of counsel, an appellant must provide a record that affirmatively demonstrates that defense counsel's performance was not based on sound strategy. *Mallett v. State,* 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.); *Mayhue v. State*, 969 S.W.2d 503, 511 (Tex. App.—Austin 1998, no pet.). If the appellate record is silent regarding the reasons for defense counsel's conduct, then it is insufficient to overcome the strong presumption that counsel was following a legitimate strategy. *Tong v. State,* 25 S.W.3d 707, 714 (Tex. Crim. App. 2000); *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (refusing to hold counsel's performance deficient given the absence of evidence concerning counsel's reasons for choosing the course he did); *Hollis v. State*, 219 S.W.3d at 456.

3

trial which were not elicited in 03-15-00247-CR. Appellant's ineffective assistance arguments – to the extent they are based on evidence outside Appellant's record – should be pursued through a post-conviction writ of habeas corpus.

As the Court stated in *Ex parte Torres*, "[i]n most instances, the record on direct appeal is inadequate to develop an ineffective assistance claim." 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (internal citations omitted). Courts will not speculate to find trial counsel's strategies ineffective. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). The Court has noted that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)).

Accordingly, the Court has repeatedly held that post-conviction writs of habeas corpus are the more appropriate or preferable means of raising a claim of ineffective assistance of counsel. *See, e.g., Rylander*, 101 S.W.3d at 110-11; *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007) ("[t]he lack of a clear record usually will prevent the appellant from meeting the first part of the *Strickland* test, as the

4

reasonableness of counsel's choices and motivations during trial can be proven deficient only through facts that do not normally appear in the appellate record").

In the instant case, Appellant cannot supplement her record with testimony or evidence outside said record. Moreover, even assuming arguendo Appellant had some legitimate ground which could be supported by such evidence, the appropriate avenue to pursue such a claim is through a post-conviction writ of habeas corpus, where facts which do not appear in the appellate record may be considered. *See Mata*, 226 S.W.3d at 430. To hold otherwise would lead to an avalanche of further supplementation requests – in the instant case and in future cases – related to "evidence" one side or another will claim supports its cause on appeal. Because Appellant has a more suitable and efficient avenue to pursue her claim based on evidence outside the record, this Court should deny the instant motion.

## III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, the State respectfully prays that Appellant's Motion be, in all things, DENIED. Further, the State prays for all other relief to which it may be entitled.

Respectfully submitted,

/s/ Joshua D. Presley
**Joshua D. Presley**
SBN: 24088254
preslj@co.comal.tx.us
Comal Criminal District Attorney's Office
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Ph: (830) 221-1300 / Fax: (830) 608-2008

## CERTIFICATE OF SERVICE

I, Joshua D. Presley, Assistant District Attorney for the State of Texas, Appellee, hereby certify that a true and correct copy of this *State's Objection and Response to Appellant's Motion to Supplement Appellate Record* has been delivered to Appellant HEATHER LAUREN RICHARD's attorney of record in this matter:

Amanda Erwin
109 East Hopkins Street, Suite 200
San Marcos, Texas 78666
Phone: (512) 938-1800
amanda@theerwinlawfirm.com
*Counsel for Appellant on Appeal*

by electronic mail service through efile.txcourts.gov, this 18th day of November, 2015.

/s/ Joshua D. Presley
**Joshua D. Presley**